Clerk of the Superior Court
*** Electronically Filed ***
M. Owen, Deputy
11/26/2024 5:14:23 PM
Filing ID 18921949

LAW OFFICES OF
**JON L. PHELPS**
PROFESSIONAL LIMITED LIABILITY COMPANY
6424 EAST GREENWAY PARKWAY
SUITE 100
SCOTTSDALE, ARIZONA 85254
(480) 534-1400
Jon L. Phelps (027152)
jon@phelpsandmoore.com

SHANNON LINDNER LAW
PROFESSIONAL LIMITED LIABILITY COMPANY
PO BOX 36983
PHOENIX AZ 85067
602-363-7725
Shannon A. Lindner (026688)
shannonlindnerlaw@gmail.com
Counsel for Plaintiff Patricia Crawford

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| Patricia Crawford, for herself and on behalf of all others similarly situation,<br><br>Plaintiff;<br><br>v.<br><br>America PAC; and JOHN & JANE DOES 1-10; and DOES 1-10, TCPA violations<br><br>Defendants. | Case No.: **CV2024-034055**<br><br>**CLASS ACTION COMPLAINT**<br><br>*Jury Trial Demanded* |

Plaintiff Patricia Crawford on her own behalf and on behalf of all others similarly situated, for her Complaint and cause of action against America PAC alleges as follows:

**I.   PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Patricia Crawford ("Crawford") was a citizen of Arizona at all times material to this complaint.

2. Defendant America PAC purports to be a political action committee, with its principal address at P.O. Box 341027, Austin, Texas 78734.

3. This matter concerns a dispute in excess of $300,000.00.

4. This Court has jurisdiction over this matter pursuant to A.R.S. § 12-123.

5. This Court has personal jurisdiction over Defendant America PAC because it purposefully directed tortious and illegal conduct at the forum out of which Plaintiff's claims arise, thus satisfying the requirements of specific jurisdiction because the exercise of *in personam* jurisdiction as to each Defendant comports with "fair play and substantial justice."

6. Venue is proper in this Court pursuant to A.R.S. § 12-401.

7. Due to the class action allegations of this action, it is a Tier 3 case.

## II. SUMMARY OF THE CASE

8. Crawford's allegations are based upon personal knowledge as to herself and her own acts, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

9. America PAC is located in Austin, Texas.

10. America PAC targets Arizona residents with calls using an artificial or prerecorded voice.

11. Crawford and Class Members have no prior contact, dealings, or relationship with Defendant, and never provided any personal information, including their cellular telephone numbers, to Defendant or otherwise authorized Defendant to contact Crawford and Class Members.

12. Nevertheless, Defendant embarked on an unsolicited campaign of harassment by calling cellular phones using an artificial or prerecorded voice, causing Crawford and class members injuries, including invasion of their privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion.

13. During the four years prior to the filing of this complaint, America PAC, by itself or through an intermediary or intermediaries, made or initiated phone calls to Plaintiff's cellular telephone using an artificial or prerecorded voice and made or initiated phone calls

using an artificial or prerecorded voice (that were identical or substantially the same as those made to Plaintiff) to each of the Class Members.

14. The subject phone calls received by Plaintiff and each of the Class Members were made or initiated by or on behalf of America PAC without the requisite prior "express consent" of Plaintiff or each of the Class Members.

15. Through this action, Crawford seeks injunctive relief to halt Defendant's illegal conduct.

16. Crawford also seeks statutory damages on behalf of herself and Class Members, as defined below, and any other available legal or equitable remedies resulting from the illegal actions of Defendant.

### III.   TCPA

17. The Telephone Consumer Protection Act ("TCPA") prohibits: (1) any person from calling a cellular telephone number; (2) using an artificial or prerecorded or voice; (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1)(A).

18. The TCPA prohibits communications such as the ones described within this Complaint. *See Mims v. Arrow Fin. Servs.*, LLC, 565 U.S. 368 (2012).

19. In an action under the TCPA, a plaintiff must show only that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

20. The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA. 47 U.S.C. 227(b)(2). According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live calls, and such calls can be costly and inconvenient. *See In re Rules and Regulations Implementing the Tel. Consumer Plot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (July 3, 2003). The

FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *Id.* at 14114 ¶ 164 (July 3, 2003). Moreover, because cellular telephones are carried on their owners' persons, unsolicited phone calls transmitted to such devices are distracting and aggravating to their recipients and intrude upon their recipients' seclusion. *See In re Rules and Regulations Implementing the Tel. Consumer Plot. Act of 1991*, 30 F.C.C. Rcd. 7961, 8023 ¶ 124 (July 10, 2015).

21. A defendant must demonstrate that it obtained the plaintiff's prior express consent before using an automatic dialing system or an artificial or prerecorded voice to contact an individual. *Id.* at 7991 ¶ 152.

22. With respect to standing, the United States Court of Appeals for the Ninth Circuit held that:

> Unsolicited [] phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under the TCPA "need not allege any additional harm beyond the one Congress has identified."

*Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037 (9th Cir. 2017) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016)).

23. Similarly, the receipt of an unsolicited call "demonstrates more than a bare violation and satisfies the concrete-injury requirement for standing." *Leyse v. Lifetime Entm't Servs., LLC*, Nos. 16-1133-cv, 16-1425-cv, 2017 U.S. App. LEXIS 2607 (2d Cir. Feb. 15, 2017) (citing *In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 725 F.3d 65, 105 (2d Cir. 2013) ("The injury-in-fact necessary for standing need not be large; an identifiable trifle will suffice."); *Golan v. Veritas Entm't, LLC*, 788 F.3d 814, 819-21 (8th Cir. 2015) (holding receipt of two brief unsolicited robocalls as voicemail messages sufficient to establish standing under TCPA)).

## IV. GENERAL ALLEGATIONS

24. Defendant embarked upon an intrusive campaign of harassment by calling cellular phones using an artificial or prerecorded voice to promote its political agenda.

25. On, November 3, 2024, Defendant made a phone call using an artificial or prerecorded voice to Crawford's cellular telephone number ending in 2632 ("2632 Number") to deliver the following message:

> Tuesday November 5th is the most important election in our lifetime. President Trump needs your vote to help secure our borders and keep America safe. For more information go to votesafe.org. Cast your vote for President Trump and make America great again. Paid for by American PAC and not authorized by any candidate or candidate's committee. theamericapac.org

26. Crawford received the phone call within the State of Arizona, therefore, Defendant's violations of the TCPA occurred within the State of Arizona.

27. Upon information and belief, Defendant caused similar phone calls to be made or initiated to other individuals residing within Arizona.

28. At no point in time did Crawford provide express consent to Defendant to call her cellular phone using an artificial or prerecorded voice.

29. Crawford is the sole user of the 2632 Number.

30. It is unknown how Defendant obtained the 2632 Number.

31. The artificial or prerecorded voice is scripted so that it can be sent out *en masse* without variation.

32. Because Plaintiff's cellular phone alerts her whenever she receives a phone call or voicemail message, receipt of the phone call using an artificial or prerecorded voice was a nuisance to Plaintiff, distracted Plaintiff, invaded Plaintiff's privacy, and intruded upon Plaintiff's seclusion.

33. Receipt of America PAC's phone calls using an artificial or prerecorded voice depleted the battery life of those phones and further interfered with the unencumbered access by Plaintiff and each of the Class Members to their respective cellular telephones.

34. Defendant's unsolicited phone calls using an artificial or prerecorded voice caused Crawford actual harm, including invasion of her privacy, aggravation, annoyance, and intrusion on seclusion.

35. Defendant's phone calls using an artificial or prerecorded voice also inconvenienced Crawford and caused disruption to her daily life.

36. The law is clear that phone calls to a phone number assigned to a cellular telephone network using an artificial or prerecorded voice violate the TCPA. See, e.g., *Facebook v. Duguid*, 141 S. Ct. 1163, 1172 n.8 (2021) (recognizing that the TCPA "prohibit[s] 'artificial or prerecorded voice' calls irrespective of the type of technology used.")

37. Defendant's violations of the TCPA are therefore willful and knowing, which allows recovery of treble damages. See, e.g., *Alea London Ltd. v. Am. Home Servs., Inc.*, 638 F.3d 768 (11th Cir. 2011).

## V.   CLASS ALLEGATIONS

38. Courts regularly certify class actions seeking redress under the TCPA. See, e.g., *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036 (9th Cir. 2012) (affirming certification of provisional class under TCPA).

### A. Proposed Class

39. Crawford brings this case as a class action pursuant to Arizona Rule of Civil Procedure 23, on behalf of herself and all others similarly situated.

40. The proposed class members (the "Class") are readily ascertainable.

41. The number and identity of the Class are determinable from the records of Defendant.

42. For the purpose of notice and other purposes related to this action, upon information and belief, the names and addresses of the Class are readily available from Defendant.

43. Notice to the Class can be provided by means permissible under ARCP 23.

44. Crawford brings this case on behalf of the below defined Class:

> All persons within Arizona (1) who, within the four years prior to the filing of this Complaint; (2) received a phone call; (3) from Defendant or anyone on Defendant's behalf; (4) to the person's cellular telephone number; (5) using an artificial or prerecorded voice to deliver a message.

45. Defendant and their employees or agents are excluded from the Class.

46. Crawford does not know the number of members in the Class but believes the number to *at least* be in the thousands, if not tens-of-thousands.

**B. Numerosity**

47. Upon information and belief, Defendant has made phone calls using an artificial or prerecorded voice to cellular telephone numbers belonging to thousands of individuals throughout Arizona without their prior express consent.

48. Upon information and belief, the members of the Class are so numerous that joinder of all members is impracticable.

49. The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery.

50. Identification of the Class members is a matter capable of ministerial determination from Defendant's records of phone calls using an artificial or prerecorded voice.

**C. Common Questions of Law and Fact**

51. There are numerous questions of law and fact common to the Class that predominate over any questions affecting only individual members of the Class.

52. Among the questions of law and fact common to the Class are:

   a. Whether Defendant placed non-emergency phone calls to Plaintiff and Class members' cellular telephones using an artificial or prerecorded voice to deliver a message;

   b. Whether Defendant can meet its burden of showing that it obtained prior express consent to make such phone calls;

   c. Whether Defendant's conduct was knowing and willful;

   d. Whether Defendant is liable for damages, and the amount of such damages; and

   e. Whether Defendant should be permanently enjoined from such conduct in the future.

53. The common questions in this case will have common answers. If Crawford's claim that Defendant made phone calls using an artificial or prerecorded voice to telephone numbers assigned to cellular telephone services is accurate, Crawford and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**D. Typicality**

54. Defendant has acted on grounds equally applicable to the entire Class, making final relief appropriate to the Class as a whole.

**E. Adequacy of Representation**

55. Crawford can fairly and adequately protect the interests of the Class and has no interests antagonistic to the same; to the extent necessary and appropriate, additional putative representatives of the Class may be named as plaintiffs by way of amendment.

56. Plaintiff is represented by counsel who is experienced and competent in both class actions and consumer rights litigation.

57. Counsel is willing and able to devote the resources necessary for the successful prosecution of this action.

58. Crawford will fully and adequately assert and protect the interests of the Class and has retained competent counsel that has previous experience in class action litigation. *Zwicky et. al. v. Diamond Resorts International et. al.*, District of Arizona 2:20-CV-02322-PHX-DJH; *Jacob Howard, v. Republican National Committee*, 2:23-CV-00993-PHX-SPL, *appeal docketed*, No. 23-3826 (9th Cir. Nov. 29, 2023). Accordingly, Crawford is an adequate representative and will fairly and adequately protect the interests of the Class.

**F. Superiority**

59. Class action treatment will permit many similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that individual actions would entail.

60. Further, the dollar amounts of each individual claim are too small to economically justify full-blown litigation efforts against Defendant with the result that most of the individual claims of the Class would otherwise go unremedied, and Defendant would be allowed to continue harassing people despite knowing that their conduct is illegal.

61. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

62. Individual litigation also poses a risk of inconsistent adjudications on identical facts and identical legal issues.

63. Individual litigation may also be dispositive of the interests of the Class, although certain class members are not parties to such actions.

64. For the foregoing reasons, class treatment is superior to all other available methods for the fair and efficient adjudication of this lawsuit as it represents the most efficient

and effective use of the Court's limited resources and the most efficient and effective way of vindicating the rights of the Class.

## VI. CAUSE OF ACTION

### 1. COUNT I: VIOLATIONS OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

65. All foregoing allegations are incorporated herein by reference.

66. It is a violation of the TCPA "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using . . . an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service ...." 47 U.S.C. § 227(b)(1)(A)(iii).

67. Defendant – or third parties directed by Defendant – made non-emergency phone calls using an artificial or prerecorded voice to the cellular telephones of Plaintiff and the other members of the Class.

68. These phone calls were made without regard to whether Defendant had first obtained express permission from the recipient to make such phone calls. In fact, Defendant did not have prior express consent to make phone calls phone calls using an artificial or prerecorded voice to the cellular phones of Plaintiff and the other members of the putative Class when its phone calls were made.

69. Defendant violated § 227(b)(1)(A)(iii) of the TCPA by making non-emergency phone calls using an artificial or prerecorded voice to the cellular phones of Plaintiff and the other members of the putative Class without their prior express consent.

70. Defendant is liable for each such violation of the TCPA.

71. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and Class Members were harmed and are each entitled to a minimum of $500.00 in damages for each violation.

72. Because Defendant's actions were willful and knowing, Plaintiff and Class Members are entitled to treble damages.

73. Crawford and the class are also entitled to a permanent injunction against future phone calls using an artificial or prerecorded voice.

**WHEREFORE,** Crawford, for herself and on behalf of all others similarly situated, respectfully prays for the following relief:

A. A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

B. A declaration that Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, were willful and knowing;

C. An injunction prohibiting Defendant from initiating phone calls using an artificial or prerecorded voice to telephone numbers assigned to cellular telephones without the prior express consent of the called party;

D. An award of actual and statutory damages;

E. An award of costs and reasonable attorney's fees incurred in the prosecution of the Class claims herein;

F. Certification of the Class for the claim brought herein pursuant to Arizona Rule of Civil Procedure 23;

G. Appointing Plaintiff as the representative of the Class;

H. Appointing the law firms representing Plaintiff as Class Counsel; and

I. For such other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 20th day of November, 2024.

/s/ *Jon L. Phelps*
Jon L. Phelps (027152)
LAW OFFICES OF JON L. PHELPS PLC
6424 East Greenway Parkway
Suite 100
Scottsdale, AZ 85254
(480) 534-1400
jon@phelpsandmoore.com

/s/ *Shannon A. Lindner*
Shannon A. Lindner (026688)
SHANNON LINDNER LAW PLLC
PO BOX 36983
Phoenix, AZ 85067
(602) 363-7725
shannonlindnerlaw@gmail.com
***Attorneys for Plaintiff***

Clerk of the Superior Court
\*\*\* Electronically Filed \*\*\*
M. Owen, Deputy
11/26/2024 5:14:23 PM
Filing ID 18921951

Person/Attorney Filing: Jon L. Phelps
Mailing Address: 6424 E. Greenway Pkwy Suite 100
City, State, Zip Code: Scottsdale, AZ 85254
Phone Number: (480)534-1400
E-Mail Address: jon.l.phelps@gmail.com
[ ☐ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 027152, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Patricia Crawford<br>Plaintiff(s),<br>v.<br>America PAC<br>Defendant(s). | Case No. CV2024-034055<br><br>**CERTIFICATE OF**<br>**COMPULSORY ARBITRATION** |

I certify that I am aware of the dollar limits and any other limitations set forth by the Local Rules of Practice for the Maricopa County Superior Court, and I further certify that this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of the Arizona Rules of Civil Procedure.

**RESPECTFULLY SUBMITTED this** November 26, 2024

By: Jon L. Phelps /s/
Plaintiff/Attorney for Plaintiff