

649 North Fourth Avenue, First Floor
Phoenix, Arizona 85003
(602) 382-4078

Kory Langhofer, Ariz. Bar No. 024722
kory@statecraftlaw.com
Thomas Basile, Ariz. Bar. No. 031150
tom@statecraftlaw.com

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Patricia Crawford, for herself and behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br><br>America PAC; and John and Jane Does 1-10; and Does 1-10, TCPA violations,<br><br>Defendants. | No. CV-25-00338-PHX-DGC<br><br><br><br>**ANSWER** |

Defendant America PAC hereby answers the Complaint of Plaintiff Patricia Crawford as follows:

1. Defendant admits the allegations in paragraph 1 of the Complaint.

2. Defendant admits the allegations in paragraph 2 of the Complaint.

3. Defendant denies the allegations in paragraph 3 of the Complaint.

4. Paragraph 4 contains a legal conclusion to which no response is required.

5. Defendant denies the allegations in paragraph 5 of the Complaint.

6. Defendant admits that venue is proper in this Court but denies any remaining allegations in paragraph 6 of the Complaint.

7. Defendant denies the allegations in paragraph 7 of the Complaint.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint, and therefore denies them.

9. Defendant admits the allegations in paragraph 9 of the Complaint.

10. Defendant denies the allegations in paragraph 10 of the Complaint.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint, and therefore denies them.

12. Defendant denies the allegations in paragraph 12 of the Complaint.

13. Defendant denies the allegations in paragraph 13 of the Complaint.

14. Defendant denies the allegations in paragraph 14 of the Complaint.

15. The Complaint speaks for itself. Defendant denies that Plaintiff is entitled to injunctive relief with respect to Defendant, and denies any remaining allegations in paragraph 15 of the Complaint.

16. The Complaint speaks for itself. Defendant denies that Plaintiff is entitled to statutory damages or any other form of legal or equitable remedy with respect to Defendant, and denies any remaining allegations in paragraph 16 of the Complaint.

17. The provisions of 47 U.S.C. § 227(b)(1)(A) speak for themselves.

18. Paragraph 18 states a conclusion of law to which no response is required. To the extent a response is necessary, Defendant denies the allegations in paragraph 18 of the Complaint. The court's opinion in *Mims v. Arrow Financial Services, LLC*, 565 U.S. 368 (2012), speaks for itself.

19. The court's opinion in *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316 (S.D. Fla. 2012), speaks for itself.

20. The provisions of 47 U.S.C. § 227(b)(2) and the Federal Communications Commission's July 3, 2003 and July 10, 2015 pronouncements speak for themselves.

21. The Federal Communications Commission's July 10, 2015 pronouncement speaks for itself.

22. The court's opinion in *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d

1037 (9th Cir. 2017), speaks for itself.

23. The courts' opinions in *Leyes v. Lifetime Entertaiment Services, LLC*, 2017 U.S. App. LEXIS 2607 (2d Cir. Feb. 15, 2017), and *Golan Veritas Entertainment, LLC*, 788 F.3d 814 (8th Cir. 2015), speak for themselves.

24. Defendant denies the allegations in paragraph 24 of the Complaint.

25. Defendant denies the allegations in paragraph 25 of the Complaint.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that Crawford received any phone call from Defendant within the State of Arizona, and therefore denies it. Defendant denies the remaining allegations in paragraph 26 of the Complaint, including without limitation the allegation that Defendant placed any phone call to Plaintiff in "violation[] of the TCPA."

27. Defendant denies the allegations in paragraph 27 of the Complaint.

28. Defendant denies that Defendant placed any call to Plaintiff's cellular phone using an artificial or prerecorded voice, and denies any remaining allegations in paragraph 28 of the Complaint.

29. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint, and therefore denies them.

30. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint, and therefore denies them.

31. Defendant denies the allegations in paragraph 31 of the Complaint.

32. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint concerning the settings on Plaintiff's cellular phone, and therefore denies them. Defendant denies the remaining allegations in paragraph 32 of the Complaint.

33. Defendant denies the allegations in paragraph 33 of the Complaint.

34. Defendant denies the allegations in paragraph 34 of the Complaint.

35. Defendant denies the allegations in paragraph 35 of the Complaint.

36. Paragraph 36 states a conclusion of law to which no response is required. The

1  court's opinion in *Facebook v. Duguid*, 141 S. Ct. 1163 (2021), speaks for itself.

2      37.    Defendant denies the allegations in paragraph 37 of the Complaint.

3      38.    Paragraph 38 states a conclusion of law to which no response is required. The court's opinion in *Meyer v. Portfolio Recovery Associates*, 707 F.3d 1036 (9th Cir. 2012), speaks for itself. Defendant denies that class certification is available in this case.

    39.    The Complaint speaks for itself. Defendant denies that class certification is available in this case, and denies any remaining allegations in paragraph 39 of the Complaint.

    40.    Defendant denies the allegations in paragraph 40 of the Complaint.

    41.    Defendant denies the allegations in paragraph 41 of the Complaint.

    42.    Defendant denies the allegations in paragraph 42 of the Complaint.

    43.    Paragraph 43 states a legal conclusion to which no response is required.

    44.    The Complaint's description of the putative class speaks for itself. Defendant denies that it placed any call using an artificial or prerecorded voice to any putative class member, denies that class certification is available in this case, and denies any remaining allegations in paragraph 44 of the Complaint.

    45.    The Complaint's description of the putative class speaks for itself. Defendant denies that it placed any call using an artificial or prerecorded voice to any putative class member, denies that class certification is available in this case, and denies any remaining allegations in paragraph 45 of the Complaint.

    46.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 concerning Plaintiff's knowledge. Defendant denies any remaining allegations in paragraph 46 of the Complaint.

    47.    Defendant denies the allegations in paragraph 47 of the Complaint.

    48.    Defendant denies the allegations in paragraph 48 of the Complaint.

    49.    Defendant denies the allegations in paragraph 49 of the Complaint.

    50.    Defendant denies the allegations in paragraph 50 of the Complaint.

    51.    Defendant denies the allegations in paragraph 51 of the Complaint.

1  52. Defendant denies the allegations in paragraph 52 of the Complaint.

2  53. Defendant denies the allegations in paragraph 53 of the Complaint.

3  54. Defendant denies the allegations in paragraph 54 of the Complaint.

4  55. Defendant denies the allegations in paragraph 55 of the Complaint.

5  56. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of the Complaint concerning the qualifications of Plaintiff's counsel. Defendant denies any remaining allegations in paragraph 56 of the Complaint.

9  57. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 of the Complaint concerning the intentions of Plaintiff's counsel. Defendant denies any remaining allegations in paragraph 57 of the Complaint.

13  58. The identities of the counsel of record in *Zwicky v. Diamond Resorts International*, 2:20-cv-02322-PHX-DJH (D. Ariz.), and *Jacob Howard v. Republican National Committee*, 2:23-cv-00993-PHX-SPL (D. Ariz.), speak for themselves. Defendant denies that class certification is available in this case, and denies any remaining allegations in paragraph 58 of the Complaint.

18  59. Defendant denies the allegations in paragraph 59 of the Complaint.

19  60. Defendant denies the allegations in paragraph 60 of the Complaint.

20  61. Defendant denies the allegations in paragraph 61 of the Complaint.

21  62. Defendant denies the allegations in paragraph 62 of the Complaint.

22  63. Defendant denies the allegations in paragraph 63 of the Complaint.

23  64. Defendant denies the allegations in paragraph 64 of the Complaint.

24  65. Defendant restates and realleges its responses to the foregoing paragraphs by reference.

26  66. The provisions of 47 U.S.C. § 227(b)(1)(A)(iii) speak for themselves.

27  67. Defendant denies the allegations in paragraph 67 of the Complaint.

28  68. Defendant denies the allegations in paragraph 68 of the Complaint.

|   |   |
|---|---|
| 1 | 69.    Defendant denies the allegations in paragraph 69 of the Complaint. |
| 2 | 70.    Defendant denies the allegations in paragraph 70 of the Complaint. |
| 3 | 71.    Defendant denies the allegations in paragraph 71 of the Complaint. |
| 4 | 72.    Defendant denies the allegations in paragraph 72 of the Complaint. |
| 5 | 73.    Defendant denies the allegations in paragraph 73 of the Complaint. |

The Prayer for Relief contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies that Plaintiff is entitled to the relief requested or to any other form of relief with respect to Defendant.

RESPECTFULLY SUBMITTED this 7th day of February, 2025.

STATECRAFT PLLC

By:   */s/Thomas Basile*
Kory Langhofer
Thomas Basile
649 North Fourth Avenue, First Floor
Phoenix, Arizona 85003

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of February, 2025, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for Filing, which will send notice of such filing to all registered CM/ECF users.

/s/ Thomas Basile